In the Matter of the Judicial Settlement of the Accounts of JOHN J. JONES and G. ALEXANDER THAYER, Executors of the last Will and Testament of DAVID JONES, Deceased.

*Will — authority to executors to carry on business — when no allowance should be made to the estate for rent of real estate used in carrying it on — bad debts and ordinary expenses should be charged to income.*

A testator devised his entire estate, in five equal parts, to his executors and trustees and directed them to pay over the net proceeds, after deducting expenses, etc., of one of such shares to each of his four sisters and a brother during their respective lives, and after the death of each to pay her or his share of the principal to her or his descendants.

The will further provided: " I hereby authorize and empower my said executors, the survivors and survivor of them, to continue the business of brewing and malting which I am now conducting upon the same premises I now occupy in the city of New York, and with the fixtures and personal property connected therewith, for such time after my decease as they shall think most advantageous to my estate; and in continuing said business I direct that my brother John J. Jones shall take the general charge and management thereof, if he shall desire to do so, and in such case that he receive such portion of the profits made or realized therefrom for his services, care and attention in the management thereof as may be agreed upon between him and the other executors of this my will; and the residue of said profits shall be received by my said executors as part of my estate for division and investment as hereinbefore provided."

Upon an accounting by the executors who had continued the business as authorized by the will:

*Held,* that the executors were not chargeable with the rental value, if any, of the real estate belonging to the estate which was used in carrying on the business; or with any rent therefor.

That bad debts and losses incurred in carrying on the business should be charged to income and not to principal.

That the cost of replacing and restoring personal property worn out and used up in the ordinary course of the business should be charged to the income and not to the principal.

APPEAL from a decree of the surrogate of Westchester county made on the settlement of the accounts of the above named executors.

David Jones died in January, 1881, leaving a last will and testament in and by which he appointed his brother, John J. Jones, and his brother-in-law, George Alexander Thayer, executors of his estate. His only surviving heirs-at-law and next of kin were his four sisters and his brother. In the will which was proved in the surrogate's office of Westchester county, he devised his entire estate to his executors, in five equal parts, in trust, and directed them to pay one-fifth of the residue or net proceeds, after paying taxes, expenses, etc., to each of his sisters and his brother during their lives, respectively, and upon the death of any one of them to pay over one-fifth part of the principal of his (the testator's) estate to the descendants of the brother or sister so dying.

At the time of the testator's death he was largely engaged in the brewing and malting business, and was operating five breweries, viz.: The New Rochelle Brewery, Boulevard Garden Brewery, Hudson County Brewery, Rivinus Brewery, and Forty-fourth Street Brewery. The eighth clause of his will authorizes his executors to continue this business. The language of the will is as follows:

" *Eighth.* And further, I hereby authorize and empower my said executors, the survivors and survivor of them, to continue the business of brewing and malting, which I am now conducting upon the same premises I now occupy in the city of New York, and with the fixtures and personal property connected therewith for such time after my decease as they shall think most advantageous to my estate, and in continuing said business I direct that my brother, John J. Jones, shall take the general charge and management thereof, if he shall desire to do so, and in such case that he receive such portion of the profits made or realized therefrom for his services, care and attention in the management thereof as may be agreed upon between him and the other executors of this my will, and the residue of said profits shall be received by my said executors as part of my estate for division and investment as hereinbefore provided."

There was a large amount of capital invested in stock, chattels

and book accounts in each of the breweries at the time of David Jones' death. The executors considered it for the best interest of the estate to continue the business, in order that they might be able to sell the different breweries in full working order. No question is raised as to the executors' power to carry on the business as they have done. It is, however, objected by Margaret A. Jones, one of the life tenants, that in so carrying on the business the executors deducted the losses made by bad debts from the profits, paying only the net profits to the life beneficiaries, whereas such losses should have been charged against the body of the estate, and the gross profits paid over to those entitled to the income. It is also objected that the charges made by the executors against the income for the purchase of horses, harness and wagons to replace those contained in the inventory, and which had been worn out in the business, should have been charged against the principal of the estate, and not against the income as was done by the executors. It was also objected that the executors were not charged with the rental value or rent of any of the real estate used in the business. The surrogate overruled the objections and entered the decree appealed from.

*Luther R. Marsh*, for Margaret A. Jones, appellant.

*Martin J. Keogh*, for the executors, respondents.

BARNARD, P. J.:

The executors were empowered by the eighth clause of the will to continue the business of brewing which the testator had carried on in his lifetime " upon the same premises." The same section provides that a certain portion of the profits may be agreed upon between the executors and John J. Jones for management of the business, and " the residue of said profits " were made part of the estate for division and investment as provided by the will. By the other provisions of the will the estate was divided in five parts. The executors were to keep the property safe, and after paying taxes and expenses, insurance and repairs, and all other legal and necessary charges, they were to pay over " the residue or net proceeds on one of the fifths to Margaret Jones for life, with remainder over after her death to her children, if she had children, and disposing of the same otherwise if she had not. The executors

determined to continue the business, and did so. Margaret Jones claims that she is entitled to one-fifth of the fair rent of the real estate. The claim cannot be supported. When the testator permitted the continuance of the business on the same premises and provided for a division of the profits the right to use the real estate in the business was absolute, and by reason of the non-payment of rent the profits were increased. The appellant has, therefore, been paid rent in the larger profit. The claim of Margaret Jones that the bad debts should be deducted from the capital is equally untenable. The question of due diligence in carrying on the business in respect to credit given is not made  As matter of law, assuming a legitimate loss, such loss should come out of the profits. There is no profit on the capital employed until the balance is struck which deducts losses and keeps the capital intact. Such losses are incident to business, and when the testator gave a power to continue the business he intended to do a benefit to the life estate by giving a larger income yearly than if the estate was invested in the usual form. Repairs on the property are provided for by the will. The power to continue the business involved with it the power to use up the property used in it. Under the power of those two clauses the personal property used up and restored new was properly charged against the profits and not against the capital. Presumably, when a new article was substituted for the old the income as well as the capital was increased. The point taken by appellant that building a well and fencing and building a man-hole are not on the face of it repairs, is not, as matter of law, a certain conclusion to be drawn from the charges. In the absence of proof showing what the charges are for, no error is apparent which calls for a reversal of the decree on account of these items.

The judgment should be affirmed, with costs.

DYKMAN, J., concurred.

PRATT, J.:

Several objections were made to the accounts of the executors which were overruled by the surrogate. They are nearly all of the same character and may be disposed of together. They are as follows: First. That losses incurred in carrying on the testator's

business by the executors after his death from bad debts and inability to collect accounts for sales made should be charged in part to the principal of the estate. Second. That expenditures made for horses, wagons and harness, and other personal property which were purchased to take the place of other property worn out in the business, should have been charged to the principal of the estate. Third. That the executors have not been charged with the rent of the real estate occupied for the business carried on.

By the eighth clause of the will the executors were authorized to continue the testator's business for such time as they should think most advantageous to his estate, and the profits were to be received by the executors as part of the estate for division and investment as provided by the will. The testator devised all his estate to his executors in trust, to take possession of and manage the same. The rent of the real estate after payment of taxes, repairs and insurance, and the dividends, interest and income of the personal estate, after payment of all necessary and legal charges and expenses, was to be paid over to his brother and sisters during their lives, and upon their death was devised to the children of said brother and sisters. There is no specific bequest of the profits of the business further than that contained in the direction to pay over to the brother and sisters the income of the personal estate.

It needs no argument to show that if the appellants' theory of the case should prevail that it would be merely a question of time when the principal would be exhausted, and with the destruction of the principal the income would cease. Whenever there was a bad debt, or an account lost, or a worn-out piece of personal property to be replaced, so much of the principal would have to be taken to make good the loss, and we should have the remarkable exhibit of a business, where the capital was surely and certainly being exhausted, yet yielding a clear income all the time. By profits of his business the testator intended net profits. The principal of the fund was to remain intact. All losses from bad sales and all expenditures to replace worn-out personal property were properly chargeable to the income. As to the rent of the real estate there is no charge on either side of the account. If it is charged against the executors, it would have to be paid out of and charged to the income, the result would be the same. The items charged for

improvements to the real estate were proper, they fall under the head of repairs.

We find no error in the settlement of the account and the decree of the surrogate should be affirmed, with costs.

Part of decree of surrogate appealed from affirmed, with costs.